UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

FREDERICK S. AUMICK,

    Plaintiff,

v.

ENCHANCED RECOVERY COMPANY, LLC,

    Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012). *Mims v. ArrowFin. Servs. LLC*, 2012 U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3.    Plaintiff, FREDERICK S. AUMICK, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, ENHANCED RECOVERY COMPANY, LLC, is a corporation and citizen of the State of Florida with its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. On, or about, July 21, 2011, Defendant, or another party acting on its behalf, left a pre-recorded message on Plaintiff's cellular telephone in which Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

11. Defendant, or another party acting on its behalf, left similar or identical messages on other occasions using an automated telephone dialing system

or pre-recorded or artificial voice on Plaintiff's cellular telephone. (Collectively, "the telephone messages").

12.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

13.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

14.     Plaintiff incorporates Paragraphs 1 through 13.

15.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs*., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

       a.     Damages;

       b.     Attorney's fees, litigation expenses and costs of suit; and

       c.     Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

16.     Plaintiff incorporates Paragraphs 1 through 13.

17. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity and failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc*., 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs*., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff incorporates Paragraphs 1 through 13.

19. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     a declaration that Defendant calls violate the TCPA;

      c.     a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice; and

      d.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                             DONALD A. YARBROUGH, ESQ.
                             Attorney for Plaintiff
                             Post Office Box 11842
                             Ft. Lauderdale, FL 33339
                             Telephone: 954-537-2000
                             Facsimile: 954-566-2235
                             donyarbrough@mindspring.com


                        By: s/ Donald A. Yarbrough
                             Donald A. Yarbrough, Esq.
                             Florida Bar No. 0158658